## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 08-CR-20097-GRAHAM/GOODMAN

UNITED SATES OF AMERICA

v.

CASA DE CAMBIO PUEBLA, S.A.,
et al.,

       Defendants.

_____/

### REPORT AND RECOMMENDATIONS

THIS CAUSE is before the Undersigned following the District Court's referral of third-party claimant Jorge Olmedo Chauviere's motion for notification of forfeiture proceedings, motion for issuance of preliminary order of forfeiture, and motion for leave to file petition for ancillary hearing. [ECF Nos. 97; 98; 99; 101]. The Undersigned has reviewed Olmedo's motions, the Government's omnibus response in opposition [ECF No. 100], Olmedo's omnibus reply [ECF No. 103], and other relevant portions of the record. For the reasons explained below, the Undersigned **RESPECTFULLY RECOMMENDS** that the District Court **DENY** Olmedo's motions as moot.

### I.    DISCUSSION

Generally, third-party petitioners who allege to have a legal interest in seized property must postpone their action until any and all defendants "in [the] associated

criminal proceeding [are] found or plead[] guilty" and the court enters a preliminary forfeiture order. 21 U.S.C. § 853(k); Fed. R. Crim. P. 32.2; *Sunrise Acad. v. United States*, 791 F. Supp. 2d 200, 203 (D.D.C. 2011); *United States v. Cox*, 575 F.3d 352, 358 (4th Cir. 2009). Despite this general rule, however, Olmedo sought to assert his interest in a $64,000 portion of a larger Government seizure of funds which was conducted in 2008 in connection with this case.

On January 15, 2014, however, the District Court entered a preliminary forfeiture order.[1] [ECF No. 106]. Therefore, the relief Olmedo seeks in his motions is now available to him through the conventional statutory process provided by Section 853 and Federal Rule of Criminal Procedure 32.2. In response to the District Court's preliminary forfeiture order, Olmedo has filed a motion requesting an ancillary hearing in accordance with 21 U.S.C. § 853(n). [ECF No. 107]. The District Court may therefore now hear and adjudicate Olmedo's third-party claims.

## II.   CONCLUSION

For the reasons explained above, the Undersigned respectfully recommends that the District Court **DENY** Olmedo's motions as moot.

---

[1]     The preliminary order was entered on the Government's motion. [ECF No. 105]. In its motion, the Government "withdr[ew] its objection to Olmedo's motions and respectfully request[ed] that [an] Order of Forfeiture be entered at this time." [*Id.* at p. 4].

### III.   OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have 14 days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of an issue covered in this Report and Recommendations and bar the parties from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988)).

**RESPECTFULLY RECOMMENDED,** in Chambers, in Miami, Florida, February 19, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Donald L. Graham
All counsel of record